UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
------------------------------------------------------------------------X
MANUEL PEREIRA, individually
and on behalf of others similarly situated,

                                     Plaintiff,             **COMPLAINT**

    -against-                                              **FLSA COLLECTIVE**

UNION BEVERAGE OUTLET INC. d/b/a
HOME WINES AND LIQUORS and ATEF AZOUZ,
individually,

                                     Defendants.
------------------------------------------------------------------------X

Plaintiff Manuela Pereira ("Plaintiff" or "Pereira") by and through his attorney, Jacob Aronauer of The Law Offices of Jacob Aronauer, complaining of Union Beverage Outlet Inc. d/b/a Home Wines and Liquors ("HWL") and Atef Azouz ("Atzouz"), individually (collectively, "Defendants"), alleges the following:

## NATURE OF THIS ACTION

1. This matter arises under the Fair Labor Standards Act ("FLSA"), the New Jersey Wage and Hour Law N.J.S.A. 34:11-56(a) et seq., ("NJWHL") and the New Jersey Wage Payment Law, N.J.S.A. 34:11-4 et seq., ("NJWPL").

2. Plaintiff and his similarly situated coworkers work or have worked at HWL that is owned and operated by Azouz.

3. On information and belief, there are several HWLs throughout New Jersey that are owned and operated by Azouz.

4. Plaintiff brings this action on behalf of himself and all similarly situated current and former non-exempt workers who elect to opt-in to this action pursuant to the FLSA and

specifically, the collective action provision of 29 U.S.C. § 216(b), to remedy violations of overtime provisions of the FLSA, NJWHL, and NJWPL by Defendants.

5. Plaintiff seeks injunctive and declaratory relief against Defendants' unlawful actions, compensation for their failure to pay overtime wages and liquidated damages, compensatory damages, pre-judgment and post-judgment interest, and attorneys' fees and costs, pursuant to the FLSA, NJWHL, and NJWPL.

6. Plaintiff and the FLSA Collective seek injunctive and declaratory relief against Defendants' unlawful actions, compensation for their failure to pay overtime wages, earned wages and liquidated damages, compensatory damages, pre-judgment and post-judgment interest, and attorneys' fees and costs, pursuant to the FLSA, NJWHL, and NJWPL.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over this action under 28 U.S.C. § 1331, 29 U.S.C. §§ 216(b)(c) and 217; and 28 U.S.C. § 1337.

8. This Court has supplemental jurisdiction over the New Jersey state law claims under the principles of pendent and ancillary jurisdiction.

9. Venue is proper in this district under 28 U.S.C. § 1391(b)(c), because all or a substantial part of the events or omissions giving rise to the claims occurred in this district.

## PARTIES

**Plaintiff**

10. Plaintiff is an individual who resides in Union County, New Jersey.

11. From May 2022 through January 2023, Plaintiff worked for Defendants at HWL's Union, NJ location.

12. Plaintiff's job duties including helping unloading the merchandise from the trucks and stocking and organizing the shelves.

13. Plaintiff was a covered employee within the meaning of the FLSA.

**Defendant Atef Azouz**

14. Defendant Azouz is a person engaged in business in Union County, New Jersey, who is sued individually in his capacity as owner, officer, and/or agent of HWL.

15. On information and belief Defendant Azouz owns the several HWLs across New Jersey.

16. Upon information and belief, Azouz is an owner and operator of HWL who sets HWL's payroll policies, including the unlawful practices complained of herein.

17. On information and belief, Azouz maintains control, oversight and direction over HWL.

18. On information and belief, Azouz exercises sufficient control over Plaintiff's working conditions to be considered Plaintiff's employer under the FLSA.

19. At all times material hereto, Azouz had the authority to hire and fire Plaintiff and similarly situated employees, and established and maintained policies regarding the pay practices at HWL's stores.

**Union Beverage Outlet Inc.**

20. Union Beverage Outlet Inc. d/b/a is a New Jersey Corporation operating in the liquor industry with its principal place of business at 1850 Morris Ave, Union NJ 07083.

21. On information and belief, Union Beverage Outlet, Inc. is owned and operated by Azouz.

22. At all relevant times, Union Beverage Outlet, Inc. operates and marketes as a single business enterprise, with the same employment policies, including wage and hour polices for all of its liquor stores.

23. Union Beverage Outlet, Inc.'s operations are interrelated and unified and are a single enterprise and/or joint employer of Plaintiff and similarly situated employees.

24. At all times relevant to this action, Union Beverage Outlet, Inc. is an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

25. At all relevant times, Union Beverage Outlet, Inc. had (1) employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (2) an annual gross volume of sales in excess of $500,000.00.

## **COLLECTIVE ACTION ALLEGATIONS**

26. The claims in this Complaint arising out of the FLSA are brought by Plaintiff on behalf of himself and other similarly situated persons who are current and former employees of Defendants since the date three years prior to the filing of this Complaint who elect to opt-in to this action (the "FLSA Collective").

27. The FLSA Collective consists of approximately 25 similarly situated current and former employees who were employed as truck unloaders/merchandise handlers who have been victims of Defendants' common policies and practices that have violated their rights under the FLSA by, *inter alia*, willfully denying them overtime wages.

28. As part of their regular business practice, Defendants have intentionally, willfully and repeatedly harmed Plaintiff and the FLSA Collective by engaging in a pattern and/or policy

of violating the FLSA. This policy includes, *inter alia*, failing to pay employees the applicable overtime rate for all time worked in excess of forty hours per week.

29. Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing costs and denying employees legally required compensation. Defendants' unlawful conduct has been intentional, willful and in bad faith, and has caused significant damage to Plaintiff and the FLSA Collective.

30. The FLSA Collective would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join in the present action. Those similarly situated employees are known to Defendants, are readily identifiable and locatable through their records. These similarly situated employees should be notified of and allowed to opt-in to this action, pursuant to 29 U.S.C. § 216(b).

31. The FLSA requires that employers pay all employees at least one and one-half (1.5) times the employee's wage for all hours worked in excess of 40 during any work week, unless they are exempt from coverage.

32. Defendants failed to compensate Plaintiff and the FLSA Collective at one and one-half times the employee's wage for all hours worked in excess of 40 during any work week. The exact accounting of such discrepancy can only be determined upon completion of discovery.

## STATEMENT OF FACTS

**The Home Wines And Liquors Empire**

33. Based on research on the internet, on information and belief, HWL has stores at least at the following locations:

- 75 Saddle River, Garfield, NJ 07026
- 875 St Georges Ave, Woodbridge Township, NJ 07095
- 1850 Morris Ave, Union, NJ 07083
- 209 Main St, City of Orange, NJ 07050

- 2401 US-22, Union, NJ 07083
- 520 Main St, East Orange, NJ 07018
- 115 Watchung, Montclair, NJ 07043
- 1201 E St Georges Ave, Roselle, NJ 07203
- 2001 89th St, North Bergen, NJ 07047
- 224 Elizabeth Ave, Newark, NJ 07108.

34. Throughout the relevant time period, on information and belief, through his corporation Azouz owned, operated, and controlled these HWL's liquor stores.

35. On information and belief, Defendants operate all HWLs through common management, ownership and financial control.

**Plaintiff's Employment with Defendants**

36. On May 10, 2022 Orellana began employment at HWL.

37. January 27, 2023 was Orellana's last day of employment.

38. Plaintiff's work schedule was as follows: Tuesday through Saturday he worked from 10 am to 8pm and Sundays 12pm to 8pm.

39. Plaintiff was paid $13 per hour.

40. Plaintiff was paid the first 40 hours by check and the remaining hours by cash.

41. Plaintiff was paid the same hourly rate of $13 per hour for all hours worked, including work performed after 40 hours.

**FIRST CAUSE OF ACTION**
**FLSA Overtime Violations, 29 U.S.C. §§ 201, *et seq*.**
**(On Behalf of Plaintiff and the FLSA Collective)**

42. Plaintiff, on behalf of himself and the FLSA Collective, realleges and incorporates by reference all allegations in all preceding paragraphs.

43. The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq*., and the supporting federal regulations, apply to Defendants and protect Plaintiff and the FLSA Collective.

6

44. Throughout the relevant time period, Plaintiff and the FLSA Collective worked in excess of 40 hours per workweek.

45. At all relevant times throughout their employment, Defendants operated under a policy of willfully failing and refusing to pay Plaintiff and the FLSA Collective one and one-half times the regular hourly rate of pay for work in excess of 40 hours per workweek.

46. Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional. Defendants are aware or should have been aware that the practices described in this Complaint were unlawful. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and the FLSA Collective

47. Plaintiff and the FLSA Collective seek damages in the amount of their unpaid overtime compensation, liquidated damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## SECOND CAUSE OF ACTION
### Unpaid Overtime Wages Under New Jersey Wage and Hour Law
### (On Behalf on Plaintiff)

48. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

49. At all times relevant, Plaintiff has been an employee of Defendants, and Defendants have been the employer of Plaintiff within the meaning of the NJWHL and the supporting New Jersey Department of Labor Regulations.

50. At all times relevant, Plaintiff was covered by the NJWHL.

51. At all times relevant to this action, Defendants were responsible for paying overtime wages to Plaintiff for each hour worked in excess of 40 in a week at a rate of time and one-half his regular rate of pay.

52. Through their knowledge and intentional failure to pay overtime wages to Plaintiff, Defendants have willfully violated the NJWHL, N.J.S.A. §34:11-56(a), et seq. and the supporting New Jersey State Department of Labor Regulations.

53. As a result of Defendant's Wage and Hour Law violations, Plaintiff is entitled to recover from Defendant unpaid overtime wages and liquidated damages, as well as reasonable attorneys' fees and the costs of this action, including interest, pursuant to NJWHL §§ 34:11-56(a) et seq.

**THIRD CAUSE OF ACTION**
**Violation of the New Jersey Wage Payment Law**
**(On Behalf of Plaintiff)**

54. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

55. Plaintiff worked more than 40 hours per week, and thus, was entitled to overtime pay.

56. Overtime pay is part of Plaintiff's "wages" and therefore, in violation of Wage Payment Law N.J.S.A. 34:11-4.2, Defendant failed to pay Plaintiff the full amount of wages due on regular pay days, as they were required.

57. Defendant's failure to pay full the amount of wages on regular paydays was willful and intentional.

58. As a result of Defendant's Wage and Hour Law violations, Plaintiff is entitled to recover from Defendant unpaid overtime wages and liquidated damages, as well as reasonable attorneys' fees and the costs of this action, including interest, pursuant to the Wage Payment Law.

**FOURTH CAUSE OF ACTION**
**New Jersey Wage Payment Law – Failure to Provide Accurate Wage Notices**
**(On Behalf of Plaintiff)**

59. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

60. Defendants willfully failed to supply Plaintiff with wage notices, as required by NJWPL in English or in the language identified by Plaintiff as in their primary language, containing Plaintiff's rate, including but not limited to overtime rates of pay and basis thereof; the regular pay day designated by the employer in accordance with NJWPL.

61. Through their knowing or intentional failure to provide Plaintiff the wage notices required by the NJWPL, Defendants willfully violated NJWPL and the supporting New Jersey Department of Labor Relations regulations.

62. Due to Defendants' willful violations of NJWPL, Plaintiff is entitled to recover damages determined by the statute, reasonable attorneys' fees, costs and injunctive and declaratory relief, as provided for by NJWPL.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for the entry of an order and judgment against Defendants Union Beverage Outlet Inc. d/b/a Home Wines and Liquors and Atef Azouz, jointly and severely, as follows:

a. Designation of this action as a collective action on behalf of the FLSA Collective and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members

of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

b. Damages for the unpaid overtime wages due to Plaintiff and the FLSA Collective, in an amount to be determined at the trial of the action, liquidated damages as provided by the FLSA, interest, attorneys' fees, and the costs of the action;

c. Damages for the unpaid overtime wages, illegal pay deductions, wages and notice damages due to Plaintiff, in an amount to be determined at the trial of the action, liquidated damages, interest, attorneys' fees, and the cost of the action as provided by the NJWHL and NJWPL;

d. For pre-judgment and post-judgment interest on the foregoing amounts;

e. For the costs and disbursements of this action, including attorneys' fees; and

f. For such other further and different relief as this Court deems just and proper.

Dated: May 26, 2023
New York, New York

Respectfully submitted,

**THE LAW OFFICES OF JACOB ARONAUER**

By: /s/ *Jacob Aronauer*
Jacob Aronauer
225 Broadway, 3rd Floor
New York, NY 10007

*Attorney for Plaintiff*